USDC SCAN INDEX SHEET











RICOTTA

CALIFORNIA STATE

TB    2/23/98    15:56
3:97-CV-01667
*67*
*O.*

FEB 2 0 1998

*sbancryt*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DANIEL RICOTTA, | CASE NO. 97cv1667-J (CGA) |
| Plaintiff, | ORDER REQUESTING SUPPLEMENTAL BRIEFING |
| vs. | |
| STATE OF CALIFORNIA et al., | |
| Defendant. | |

This matter came before the Court on the February 17, 1998, on the Defendants' motions to dismiss. After a thorough review of all paper work the Court is prepared to rule on all aspects of the motions to dismiss except as to one Defendant, the Court Commissioner Etta C. Gillivan. By this Order the Court requests supplemental briefing from the attorney for Ms. Gillivan and the Plaintiff. The issue of concern for the Court is whether Ms. Gillivan acted clearly outside the scope of her jurisdiction when she signed some order, what the order was is not clear to the Court.

Generally, Judges and those performing Judge-like functions are absolutely free from liability for damages for acts performed in their official capacities. Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986)(en banc). Thus, the general rules of judicial immunity apply to Pro Tem Judges. In the Ninth Circuit judicial immunity extends to municipal court commissioners. O'Neil v. City of Lake Oswego, 642 F.2d 367, 368, n.2 (9th Cir. 1981). Specifically, under the California Government Code § 819.12 the judicial commissioner is a judicial officer. As such, judicial immunity extends to the commissioners in the exercise of judicial functions, even if their

- 1 -

*67*

97cv1667

acts are in excess of jurisdiction or are alleged to have been malicious or corrupt. Franceschi v. Schwartz, 57 F.3d 828, 829 (9th Cir. 1994). Moreover, "[j]urisdication is construed broadly where the issues is the immunity of a judge." Id. at 701. This immunity "serves to protect judges not only against monetary damages, but further from vexatious litigation, which can be equally chilling of judicial independence regardless of its outcome." O'Neil, 642 F.2d at 370. Acts performed in excess of jurisdictional authority do not deprive the judge of immunity. Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir.) cert. denied, 488 U.S. 995 (1988).

In his Complaint Plaintiff alleges that attorney Gavin perfected an illegal judgment against him contrary to Judge Howatt's order and that this Order was signed by the Commissioner:

> Attorney Gavin then took this illegal judgment to his friendly commissioner Etta Gillivan, on the one day she was acting as presiding judge. Thomas had already refused to allow her to hear this case, because of her close relationship with attorney Gavin. She signed the Judgment even though there had never been hearing [sic], we were not in her Court and she had no jurisdiction. He then filed it with the San Diego County Recorders Office and Mailed it in the U.S. Mail to Thomas committing mail fraud.

(Complaint ¶ 54).

Because the Complaint alleges that Ms. Gillivan did not have jurisdiction to sign a judgment it appears that Plaintiff is arguing that she is not entitled to judicial immunity. Plaintiff must show that the Commissioner acted clearly outside the scope of her jurisdiction and not just in excess of her jurisdiction. In his Complaint Plaintiff does not provide any specific facts to support such a conclusion. Indeed, Plaintiff does not clearly state what judgment the Commissioner signed and why it was outside her jurisdiction to sign such a judgment.

In his opposition Plaintiff asserts that Ms. Gillivan acted outside her capacity in signing the judgment pursuant to Local Rules 1.3(5) for the North County Branch-Venue-General Rules that Plaintiff claims state that:

> Pursuant to the Code of Civil Procedure 635 and Special Matter Order No. 0191994, designated backup judges may sign routine orders conforming to the minutes made by the assigned independent calendar judge when the assigned judge is unavailable. This delegation of authority does not apply o judgments or orders which are either dispositive of the case or pertain to complex procedural or substantive issues.

As discussed above Plaintiff plead so few facts with respect to this allegation that as it

1  now reads the Court cannot determine if this section is even applicable.  County Counsel failed

2  completely to respond to these arguments.  Therefore, this Court orders that the parties provide

3  supplemental briefing and explain to the Court under what conditions the Commissioner signed

4  the Judgement, and whether in fact it was an actual judgment or just a routine matter.

5  Additionally, the Court would like the parties to provide a copy of the actual judgment in

6  question.   This supplemental briefing must be provided to the Court by Monday, March 2,

7  1998.

8       The Court's preference is to issue one order for all Defendants' motions to dismiss.

9  Accordingly all parties can expect a comprehensive written order shortly after the Court receives

10  the supplemental briefing.

11       **IT IS SO ORDERED.**

12

13  DATED: February 19, 1998

14                             NAPOLEON A. JONES, JR.
                           United States District Judge

15  cc: All Parties

97cv1667